1    Allan Gabriel, SBN: 76477
     agabriel@dykema.com
2    Walead Esmail, SBN: 266632
     wesmail@dykema.com
3    **DYKEMA GOSSETT LLP**
     333 South Grand Avenue
4    Suite 2100
     Los Angeles, California  90071
5    Telephone:   (213) 457-1800
     Facsimile:    (213) 457-1850
6
     Attorneys for Plaintiff
7    LOEC, INC.

8                   **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10                       **WESTERN DIVISION**

11

12   LOEC, INC., a Delaware corporation,          Case No.

13                   Plaintiff,                    **COMPLAINT FOR DECLARATORY
                                                   JUDGMENT OF TRADEMARK
14          vs.                                    NON-INFRINGEMENT AND
                                                   LACHES**
15   ZIPPMARK, INC., a Delaware
     corporation; and ZIPPO                        **DEMAND FOR JURY**
16   MANUFACTURING COMPANY, a
     Pennsylvania corporation,
17
                     Defendant.
18

19

20          Plaintiff LOEC, Inc. ("LOEC"), for their Complaint herein, alleges as follows:

21                          **NATURE OF ACTION**

22          1.      This is an action for declaratory judgment arising under the Federal

23   Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202).

24

25

26

27

28

**THE PARTIES**

2.     Plaintiff LOEC is a corporation organized and existing under the laws of Delaware, with a principal place of business at 9101 Southern Pine Boulevard, Suite 250, Charlotte, North Carolina 28273.  LOEC is the leading electronic cigarette company in the United States.  It manufactures, markets, and sells a variety of electronic cigarettes and related products throughout the United States under the well-known federally-registered BLU ECIGS mark, as well as the BLU CIGS, BLU, BLU (design mark), and BLU CART marks (collectively referred to as the "BLU Family of Marks"), which are owned by Lorillard Technologies, Inc. ("LTI") and exclusively licensed to LOEC.  LTI acquired all rights and interest in the BLU Family of Marks on or about April 2012 from BLEC, LLC ("BLEC") through an asset and goodwill acquisition.  As the predecessor-in-interest of the BLU Family of Marks, BLEC is hereinafter subsumed into "LOEC."

3.     Defendant ZippMark, Inc. ("ZippMark") is a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware.  ZippMark claims ownership of several U.S. trademark registrations for the marks BLU and ZIPPOBLU in connection with cigarette and utility lighters and related products (collectively referred to as the "Zippo BLU Marks").  Based on information and belief, ZippMark is a trademark holding company and licenses Zippo Manufacturing Company to manufacture, distribute, advertise, and sell cigarette and utility lighter and related products within the United States under the Zippo BLU Marks.

4.     Defendant Zippo Manufacturing Company ("Zippo") is a corporation organized under the law of Pennsylvania with its principal place of business in Bradford, Pennsylvania.  Based on information and belief, Zippo is ZippMark's licensee with regard to the manufacture, distribution, advertisement, and sale of cigarette and utility lighter and related products within the United States under the Zippo BLU Marks.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND LACHES

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

5.     Defendants ZippMark and Zippo are collectively referred to herein as "Defendants."

6.     Based on information and belief, Defendants are responsible for each of their acts and for their conduct, which are the true legal causes of the relief herein alleged.

## VENUE AND JURISDICTION

7.     Jurisdiction is proper in this Court because this litigation arises under federal law, namely 17 U.S.C. § 1051 et seq. (Lanham Act).  Accordingly, the Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

8.     This Court has personal jurisdiction over Defendants because Defendants, on information and belief, have systematically and continuously engaged in substantial business activities in and directed to the State of California and this District, including contacts with California corporations and the advertising and sale of their products to California residents within this District.

9.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1391(c) in that substantial injury occurred and continues to occur in this District and Defendants transact business in this District.  Defendants are subject to the personal jurisdiction of this Court and amenable to service of process pursuant to the California Long-Arm Statute, Cal. Civ. Proc. Code § 413.10, and Fed. R. Civ. P. 4(e).

10.     An actual case or controversy has arisen between the parties.  In fact, ZippMark, Inc. has filed oppositions (Nos. 91204186 and 91215582) with the United States Patent and Trademark Office's Trademark Trial and Appeal Board against LTI's applications to register the marks BLU, BLU & Design, BLU CIGS, and BLU CART.  Defendants also have threatened litigation against LOEC and have asserted that LOEC's marketing and sale of electronic cigarettes and related products under the BLU Family of Marks constitutes infringement of Defendants' Zippo BLU Marks.  Accordingly, LOEC has a real and reasonable apprehension of being sued for

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND LACHES

1  federal trademark infringement under the Lanham Act by Defendants.  Defendants'

2  statements have caused and continue to threaten to cause injury to Defendants, most

3  notably by placing a cloud on Plaintiffs' right to continue using their BLU Family of

4  Marks without disruption.

**GENERAL ALLEGATIONS**

**LOEC's Well-Known BLU Family of Marks**

11.    For years, LOEC has continuously used and extensively promoted the BLU Family of Marks in connection with the advertising, promotion, and sale of electronic cigarettes and related products.  LOEC has sold millions of BLU electronic cigarette products all over the world, including throughout the United States and in California.  Through this investment, LOEC has built itself up as the leading electronic cigarette company in the United States and created considerable goodwill and a reputation for top quality electronic cigarette products.

12.    In particular, LOEC has invested substantial time, money, and effort to distinguish its top quality BLU electronic cigarette products from other products by creating an association in the minds of consumers between those products and its distinctive "BLU" marks.  As a result of LOEC's efforts, LOEC has created such association and substantive goodwill in the BLU Family of Marks.

13.    LTI is the owner, and LOEC is the exclusive licensee, of United States Trademark Registration No. 3,846,035 for the mark "BLU ECIGS" for "Cigarettes containing tobacco substitutes not for medical purposes; Electronic cigarettes for use as an alternative to traditional cigarettes; Smokeless cigarette vaporizer pipe; Tobacco substitutes," with a first use date of May 1, 2009 (the "BLU ECIGS Mark").  A true and correct copy of United States Trademark Registration No. 3,846,035 is attached hereto as **Exhibit A.**

14.    LTI is also the owner, and LOEC is the exclusive licensee, of the marks covered by the following United States Trademark Applications:

a.    Application No. 85/092665, filed on July 26, 2010, to register

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

4

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND LACHES

"BLU CIGS" for "Electronic cigarettes containing tobacco substitutes not for medical purposes that utilize electronic cigarette chargers and not lighters; electronic cigarettes for use as an alternative to traditional cigarettes that utilize electronic cigarette chargers and not lighters; smokeless cigarette vaporizer pipes that utilize electronic cigarette chargers and not lighters" with a first use date of May 1, 2009 (the "BLU CIGS Mark").  A true and correct copy of the Trademark Application is attached hereto as **Exhibit B**.

b.     Application No. 85/131287, filed on September 16, 2010, to register "BLU" for "Electronic cigarettes that utilize electronic cigarette chargers and not lighters; electronic cigarettes for use as an alternative to traditional cigarettes that utilize electronic cigarette chargers and not lighters; smokeless cigarette vaporizer pipes that utilize electronic cigarette chargers and not lighters" with a first use date of May 1, 2009 (the "BLU Mark").  A true and correct copy of the Trademark Application is attached hereto as **Exhibit C**.

c.     Application No. 85/131965, filed on September 17, 2010, to register "BLU (design mark)" for "Electronic cigarettes that utilize electronic cigarette chargers and not lighters; electronic cigarettes for use as an alternative to traditional cigarettes that utilize electronic cigarette chargers and not lighters; smokeless cigarette vaporizer pipes that utilize electronic cigarette chargers and not lighters" with a first use date of May 1, 2009 (the "BLU Design Mark").  A true and correct copy of the Trademark Application is attached hereto as **Exhibit D**.

d.     Application No. 86/010437, filed on July 15, 2013 on an intent-to-use basis, to register "BLU CART" for "Cartridges sold filled with glycerin-based chemical flavorings in liquid form to produce the vapor and supply the flavoring for electronic cigarettes; chemical flavorings in liquid form used to refill electronic cigarette cartridges; Electronic smoking accessories, namely, electronic cigarette flavor refill cartridges sold empty  with a first use date of May 1, 2009 (the "BLU CART Mark").  A true and correct copy of the Trademark Application is attached

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND LACHES

1   hereto as **Exhibit E**.

2       15.   Since their first use in May 1, 2009, the BLU Family of Marks have

3   distinguished LOEC's electronic cigarettes from other electronic cigarettes and have

4   become well-known and instantly recognizable by consumers.

5       16.   LOEC developed the idea of distinguishing its electronic cigarette from

6   traditional cigarettes as well as other electronic cigarettes by adding a blue-colored

7   LED tip which lights up in blue when a user inhales the electronic cigarette.  LOEC

8   was the first seller of electronic cigarettes to use a blue-colored LED tip in connection

9   with an electronic cigarette in the United States, and it has therefore become an

10  important and distinguishable part of the BLU Family of Marks.  LOEC's blue-

11  colored LED tip is well-known among consumers.

12      17.   The designation "BLU," and its association with the color blue, was

13  selected as a simple and powerful brand which would distinguish LOEC's products in

14  the electronic cigarette marketplace.

15      18.   Using the BLU Family of Marks and the distinct "BLU" brand and

16  color, LOEC became an innovator and the leading provider of electronic cigarettes in

17  the United States.

18      19.   BLU was the first brand of electronic cigarette to sponsor a top 35 car in

19  the NASCAR Sprint Cup Series.  Products featuring the BLU Family of Marks have

20  been given out in gift bags at major entertainment and sporting events, including the

21  Oscars, American Music Awards, MTV Movie awards, Grammy awards, Country

22  Music awards, and the American Century Golf Championship.

23      20.   In 2011, LOEC ran a nationwide promotion to help raise money for the

24  Wounded Warrior Project using the BLU Family of Marks.  Wounded Warrior

25  Project is a nonprofit organization that offers programs and services to severely

26  injured service members during the time between active duty and transition to civilian

27  life.  Upon completion of the promotion, LOEC made a substantial donation to the

28  Wounded Warrior Project.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND
LACHES

21.     The BLU Family of Marks has been heavily featured in national and local media, including in the Drudge Report, Jet Set Magazine, Rolling Stone, SPIN, Maxim, Men's Journal, Esquire, REELZ Channel, Si TV, MSG Network, BBC America, MAV TV, and USA Today.  More recently, BLU electronic cigarettes were advertised in the 2014 Sports Illustrated Swimsuit Edition.  The BLU Family of Marks have also been promoted in commercials featuring celebrity spokespersons Stephen Dorff and Jenny McCarthy.

22.     Millions of BLU electronic cigarette products have been sold, and continue to be sold, at thousands of retail locations throughout the United States and via the internet, including at Walgreens, Cumberland Farms, Sheetz, BiLo, H-E-B, Ingles, Meijer, Jackson Foods, Weis Markets, Kerr Drug, Scolari's, and others.

23.     LOEC and LTI have exclusive rights to use the BLU Family of Marks in connection with the sale and offer to sell of electronic cigarette products.

24.     LOEC's BLU Family of Marks is inherently distinctive and has come to be associated by consumers with a single source.

25.     As a result of LOEC's extensive use and promotion, the BLU Family of Marks has acquired secondary meaning and become widely recognized by the general consuming public and the trade as a designation of source identifying LOEC and the BLU Family of Marks' brand of electronic cigarettes.

**Defendants' Actions**

26.     Based on information and belief, ZippMark is the owner, and Zippo is the licensee, of several United States Trademark Registrations for the Zippo BLU Marks, including:

a.     Registration No. 3,299,190 for "BLU and design" for "Lighters not of precious metal," registered on September 25, 2007;

b.     Registration No. 3,469,390 for "BLU and design" for "Hand-held cigarette and utility lighters of precious metal," registered on July 15, 2008;

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND LACHES

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

c.    Registration No. 3,606,674 for "BLU" for "Fuel for lighters," registered on April 14, 2009;

d.    Registration No. 3,680,360 for "BLU" for "Lighters not of precious metal and lighters of precious metal," registered on September 8, 2009;

e.    Registration No. 3,299,195 for "ZIPPOBLU and design" for "Lighters not of precious metal," registered on September 25, 2007; and

f.    Registration No. 3,464,056 for "ZIPPOBLU and design" for "Cigarette and utility lighters of precious metal," registered on July 8, 2008.

27.    According to the information in ZippMark's trademark registrations, Defendants have been manufacturing, distributing, advertising, and selling cigarette and utility lighter and related products within the United States in commerce under the Zippo BLU Marks since 2007.  Upon information and belief, any such uses have been of limited volume, and sales of such products represent a very small percentage of Zippo's overall sales.

28.    On March 7, 2012, ZippMark filed with the United States Patent and Trademark Office's Trademark Trial and Appeal Board a Combined Notice of Opposition to LTI's applications to register the BLU CIGS Mark, the BLU Mark, and the BLU Design Mark, alleging that the registrations "would give rise [to] a likelihood of confusion with [ZippMark's] existing domestic and international BLU registered and common law trademarks in violation of 15 U.S.C. §§ 1052(d) and 43(a)" (the "First TTAB Action").  A true and correct copy of the Combined Notice of Opposition from the First TTAB Action is attached hereto as **Exhibit F**.

29.    In Paragraph 9 of their Combined Notice of Opposition, ZippMark also alleged that LTI's "proposed use of the applied-for marks is indeed likely to (a) cause confusion, mistake or deception with the Zippo BLU marks, and (b) result in the mistaken belief that [LTI] or its BLU devices are in some way legitimately connected with, licensed or approved by ZippMark."

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND LACHES

30.     On March 24, 2014, ZippMark filed with the United States Patent and Trademark Office's Trademark Trial and Appeal Board a Notice of Opposition to LTI's application to register the BLU CART Mark, alleging that the registration "would violate 15 U.S.C. §§ 1052(d) and 43(a)" (the "Second TTAB Action").  A true and correct copy of the Notice of Opposition from the Second TTAB Action is attached hereto as **Exhibit G**.

31.     In Paragraph 9 their Second TTAB Action Opposition, ZippMark also alleged that LTI's "proposed use of the [BLU CART] mark is likely to (a) cause confusion, mistake or deception with the Zippo BLU marks, and (b) result in the mistaken belief that [LTI] or its 'BLU CART' products are in some way associated with or sponsored by ZippMark or Zippo."

32.     On April 7, 2014, LOEC and Defendants met to discuss LOEC's use of the BLU Family of Marks.  In that meeting, Defendants stated to LOEC that they objected to LOEC's use of the BLU Family of Marks as infringing on the Zippo BLU Marks and threatened litigation to enforce their alleged rights.

33.     Based upon Defendants' First TTAB Action and Second TTAB Action wherein they alleged that use of the BLU Family of Marks was likely to cause consumer confusion and Defendants' statement to LOEC that LOEC's use of the BLU Family of Marks is infringing upon Defendants' Zippo BLU Marks, there is an actual controversy as to whether LOEC's BLU Family of Marks infringes upon Defendants' Zippo BLU Marks.

34.     Despite Defendants' statements, there is no likelihood of confusion, mistake, or deception arising from the use of LOEC's BLU Family of Marks and Defendants' Zippo BLU Marks.  LOEC's and Defendants' goods manufactured, sold, and advertised under their respective marks are noncompeting and LOEC's and Defendants' consumers, who are sophisticated, are not likely to conclude that the goods share a common source.  In addition, LOEC's BLU Family of Marks and

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

9

1   Defendants' Zippo BLU Marks have different commercial impressions in the
2   marketplace.

3       35.    In addition, as a result of Defendants' conduct over the past five years,
4   including lollygagging in the First TTAB Action, failing to bring claims against
5   LOEC for trademark  infringement and seeking an injunction to prevent LOEC's
6   continued use of the BLU Family of Marks, Defendants have acquiesced in and
7   consented to LOEC's use of the BLU Family of Marks, have unreasonably delayed in
8   asserting any claims of infringement and LOEC has been prejudiced thereby.
9   Accordingly, any trademark infringement claims Defendants may have against LOEC
10  are barred by the doctrines of laches, estoppel, acquiescence, and waiver.

11      36.    Defendants have claimed that LOEC's use of the BLU Family of Marks
12  is infringing on the Zippo BLU Marks.  LOEC denies this claim.

13      37.    An actual, present and justiciable controversy has arisen between LOEC
14  and Defendants concerning LOEC's rights to use the BLU Family of Marks in
15  connection with electronic cigarettes and related products.  Specifically, LOEC has a
16  real and reasonable apprehension of being sued for federal trademark infringement
17  under the Lanham Act by Defendants.

18      38.    By this Complaint, LOEC seeks declaratory relief from this Court to
19  clarify LOEC's rights to the BLU Family of Rights and Defendants' rights in the
20  Zippo BLU Marks, and for judgment declaring that LOEC's use of the BLU Family
21  of Marks in connection with electronic cigarettes and related products does not
22  infringe upon Defendants' rights in the Zippo BLU Marks in connection with
23  cigarette and utility lighters and related products and that any trademark infringement
24  claims Defendants may have against LOEC are barred by the doctrines of laches,
25  estoppel, acquiescence, and waiver.

26                          **CLAIM FOR RELIEF**

27      **(Declaratory Judgment of Non-Infringement of Trademarks and Laches)**

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

39.     LOEC incorporates by reference the allegations contained in paragraphs 1 through 38, inclusive.

40.     LOEC seeks declaratory judgment from this Court that LOEC's use of the BLU Family of Marks in connection with electronic cigarettes and related products does not infringe upon Defendants' rights in the Zippo BLU Marks and that any trademark infringement claims Defendants may have against LOEC are barred by the doctrines of laches, estoppel, acquiescence, and waiver.

41.     In connection with such declaratory judgment, LOEC seeks a preliminary and permanent injunction enjoining and restraining Defendants from asserting their rights against LOEC's use and registration of the BLU Family of Marks in connection with electronic cigarettes and related products.

## PRAYER FOR RELIEF

WHEREFORE, LOEC, Inc. respectfully requests that the Court:

1.     Enter judgment according to the declaratory relief sought;

2.     Enter a preliminary and permanent injunction according to the injunctive relief sought;

3.     Enter an order directing the United States Patent and Trademark Office's Trademark Trial and Appeal Board to dismiss ZippMark's First TTAB Action and Second TTAB Action against LTI's applications to register the BLU CIGS Mark, the BLU Mark, the BLU Design Mark, and the BLU CART mark;

4.     Award LOEC their attorneys' fees and costs in this action; and

///
///
///
///
///
///

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND LACHES

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

5.      Enter such other further relief to which LOEC may be entitled as a

matter of law or equity, or which the Court determines to be just and

proper.

Dated: April 7, 2014                    **DYKEMA GOSSETT LLP**

By:  */s/ Allan Gabriel*            __
        Allan Gabriel
        Walead Esmail
        Attorneys for Plaintiff LOEC, INC.

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND
LACHES

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, LOEC, Inc. hereby demands a jury trial on all issues so triable.


Dated: April 7, 2014                    **DYKEMA GOSSETT LLP**


By: _/s/ Allan Gabriel_ ____
    Allan Gabriel
    Walead Esmail
    Attorneys for Plaintiff LOEC, INC.


PAS01\744114.2
ID\WE - 065887\0163

COMPLAINT FOR DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT AND LACHES

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071